IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OLIVIA JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:25-cv-01356 |
| | )   Judge Trauger |
| GINA ABADI and HONG YI ZENG, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

Pro se plaintiff Olivia Johnson, a Hawaii resident, has filed a Complaint against defendants Gina Abadi and Hong Yi Zeng (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Both the Complaint and the IFP application are deficient.

The plaintiff's IFP application was filed on a short form that this District reserves for use by incarcerated plaintiffs. Plaintiffs who are not incarcerated must "complete a nonprisoner Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," which is available "on the Court's website or from the Clerk's Office."[1] This case is not properly commenced without payment of the filing fee or an appropriate IFP filing.

Even if properly commenced, the case could not proceed. The Complaint is a one-page, shotgun pleading that has been filed in no fewer than 18 district courts across the country.[2] Its only

---

[1] Pro Se Self-Help Resources (Non-prisoner) In Forma Paupers Information Sheet, https://www.tnmd.uscourts.gov/sites/tnmd/files/2025.02%2C11%20-%20IFP%20Status%20%28Nonprisoner%29%20Information%20Sheet.pdf (last visited Jan. 15, 2026).

[2] The identical Complaint was filed (in November or December 2025) in district courts in Alabama, Arizona, California, Florida, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Maryland, Michigan, Missouri, Oregon, Tennessee, Texas, Washington, and Wisconsin. https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=a5aac5467af04819ad2441e351781238 (last visited Jan. 16, 2026).

contents are the following three assertions: (1) that defendants Abadi and Zeng "conspired together in violation of due process rights," (2) that the court "has jurisdiction under federal law," and (3) that the plaintiff "demands $1 Million against Defendants." (Doc. No. 1 at 1.) The Complaint does not explain how the two individual defendants (who, if they are state actors, are not identified as such) could have violated the plaintiff's constitutional right to due process, nor does it allege facts sufficient to establish personal jurisdiction over these defendants—or any facts at all. Its lone substantive assertion—that the defendants conspired to violate the plaintiff's rights—is not a factual allegation but a legal conclusion that the court may, and does, reject. *See Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (district court is "not required to accept legal conclusions or unwarranted factual inferences as true") (citation omitted).

In these circumstances, the court will dismiss the Complaint as entirely frivolous—its content is so insubstantial that it does not support the exercise of subject-matter jurisdiction or suggest that venue is proper in this court,[3] let alone that its million-dollar claim is viable or could, via amendment, be made so. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (stating that a complaint may be dismissed for lack of subject-matter jurisdiction when it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy"); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any

---

[3] The docket in *Johnson v. Abadi, et al.*, No. 2:25-cv-01841-JPS (E.D. Wis. Dec. 22, 2025), contains the plaintiff's certificate of service for the defendants, indicating that they were served at residential addresses in New York. *Id.* at Doc. No. 8-1. This court may take judicial notice of that filing. *See Overton v. Tennessee*, 590 F. Supp. 3d 1087, 1089 n.1 (M.D. Tenn. 2022) ("The Court may take judicial notice of entries from its docket or another court's docket.") (citation and internal quotation marks omitted); *see also Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that judicial notice is properly taken of "court records [that] are available online to members of the public") (citation omitted). Whatever these defendants may be accused of having done to harm the plaintiff, it does not appear from this record to have anything at all to do with the Middle District of Tennessee.

time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). The case is also properly dismissed if, as it appears, it was filed (along with 17 others, all in different districts, within the same two-week timeframe) for the purpose of harassment. *Jenkins v. Holder*, 949 F. Supp. 2d 262, 265 (D.D.C. 2013) (stating that "a district court may *sua sponte* dismiss a pro se complaint even without notice and an opportunity to be heard . . . if the complaint is frivolous or brought for some ulterior purpose such as harassment.").

Alternatively, the case is subject to dismissal because the plaintiff has failed to provide the court with an accurate mailing address. The court's initial mailing to the plaintiff in response to this case's filing was returned to the court marked "No Such Number." (Doc. No. 5.) Other courts attempting to reach the plaintiff at her address of record have had their mailings returned with this same marking. *See, e.g.*, *Johnson v. Abadi, et al.*, No. 2:25-cv-02406-RAJ, Doc. No. 3 at 1 (W.D. Wash. Dec. 15, 2025); *Johnson v. Abadi, et al.*, No. 3:25-cv-03289-JAH-KSC, Doc. No. 3 at 1 (S.D. Cal. Dec. 8, 2025). "Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint." *Kosher v. Butler Cnty. Jail*, No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608–09 (6th Cir. 1992)); *see also* M.D. Tenn. L.R. 41.01(b) (requiring pro se plaintiffs to maintain current address or face dismissal of the action).

For these reasons, the IFP application (Doc. No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.[4]

---

[4] This form of dismissal removes the case from the court's docket, but "without barring the plaintiff from returning later, to the same court, with the same underlying claim," so long as any refiling is accomplished "within the applicable limitations period." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (quoting Black's Law Dictionary (7th ed. 1999)).

3

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4

Case 3:25-cv-01356   Document 6   Filed 01/27/26   Page 4 of 4 PageID #: 14